# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JESSIE BUCHANAN
ADC #099656                                                                    PLAINTIFF

v.                          Case No. 2:17-cv-00216-KGB/JJV

WENDY KELLEY, Director
Arkansas Department of Correction, *et al.*                                    DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 50). Plaintiff Jessie Buchanan filed an objection (Dkt. No. 52). After careful review of the Proposed Findings and Recommendations, a *de novo* review of the record, and a review of the objections, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 50). As a result, the Court grants defendants' second motion for summary judgment and dismisses with prejudice Mr. Buchanan's equal protection claim against defendants Deputy Wardens Mark Warner and James Dycus in their individual capacities (Dkt. Nos. 2, 43).

The Court writes separately to address Mr. Buchanan's objections. Mr. Buchanan is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC") (Dkt. No. 50, at 2). His only remaining claim is that Mr. Warner and Mr. Dycus violated his equal protection rights, as protected by 42 U.S.C. § 1983, by assigning him to a field utility job based on his race (*Id.*). Mr. Buchanan is proceeding with this claim against Mr. Warner and Mr. Dycus in their individual capacities, and monetary damages are the only type of relief he seeks (*Id.*). Defendants filed a second motion for summary judgment arguing that they are entitled to qualified immunity, Mr. Buchanan responded to this motion, and defendants replied to his

response (Dkt. Nos. 43, 44, 45, 46, 49). Judge Volpe found that motion should be granted because Mr. Buchanan proved unable to defeat qualified immunity by showing that: (1) he was treated differently from similarly situated inmates and (2) the different treatment alleged was the result of intentional and purposeful racial discrimination (Dkt. No. 50, at 6-9). *See In re Kemp,* 894 F.3d 900, 909-10 (8th Cir. 2018); *Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 815 (8th Cir. 2008); *Lewis v. Jacks,* 486 F.3d 1025, 1029 (8th Cir. 2007).

In his objections, Mr. Buchanan makes the following pertinent arguments: (1) Judge Volpe did not consider the evidence construed in the light most favorable to him as the nonmovant in evaluating the similarly situated prong of his equal protection claim; (2) defendants admitted that Mr. Buchanan and another inmate, John C. Peeler, were the only two inmates assigned to work as school porters work despite Mr. Buchanan's sworn affidavit asserting that there were two other inmates working as school workers; (3) Mr. Peeler is a valid comparator for Mr. Buchanan to prove that his assignment to the field utility job in question was discriminatory and racially motivated rather than being an alleged institutional need; (4) Mr. Buchanan has identified "affirmative evidence" from which a jury could find Mr. Warner and Mr. Dycus intentionally or purposefully discriminated on the basis of race; and (5) Judge Volpe did not consider any evidence to support Mr. Buchanan's claim that there was a "genuine" dispute of material facts (Dkt. No. 52, at 2-5).

The Court has reviewed these objections and determined they seek to relitigate factual or legal issues that Judge Volpe already considered or decided on in the Proposed Findings and Recommendations. The Court has reviewed Judge Volpe's Proposed Findings and Recommendations, and the entire record in this matter, and determined that he has already properly considered the evidence in the record and ruled on these arguments. As such, the Court overrules Mr. Buchanan's objections.

It is therefore ordered that:

1. The Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 50);

2. The Court grants defendants' second motion for summary judgment (Dkt. No. 43);

3. Mr. Buchanan's equal protection claims against Mr. Warner and Mr. Dycus are dismissed with prejudice (Dkt. No. 2);

4. The Court denies as moot Mr. Buchanan's motion for disclosure of evidence and evidentiary hearing and motion for status (Dkt. Nos. 53, 56); and

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

So ordered this 10th day of February, 2020.

_____
Kristine G. Baker
United States District Judge